**DEFENDANTS/COUNTERCLAIM PLAINTIFF'S
MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR
<u>JUDGMENT ON THE PLEADINGS AS TO COUNTERCLAIM</u>**

Defendant and Counterclaim Plaintiff Maalaea Surf Association of

Apartment Owners and Defendant Asset Property Management, Inc. (collectively

referred to as "Defendants"), hereby submit their Memorandum in Opposition to

Plaintiffs' Motion for Judgment on the Pleadings as to Counterclaim.

**I.      STANDARD OF REVIEW**

The standard of review for judgment on the pleadings is the same as

for a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the

Federal Rules of Civil Procedure. *Lindsay v. Yates*, 498 F.3d 434, 438 (6th Cir.

2007).   A judgment on the pleadings is properly granted when, taking all the

allegations in the non-moving party's pleadings as true, the moving party is

entitled to judgment as a matter of law. *Fajardo v. County of Los Angeles*, 179

F.3d 698, 699 (9th Cir. 1999); *Ventress v. Japan Airlines*, 486 F.3d 1111, 1114

(9th Cir. 2007).

Recently, the United States Supreme Court addressed the standards

for a motion to dismiss for failure to state a claim in *Bell Atlantic Corporation v.*

*Twombly*, 550 U.S. 544 (2007).  This Court summarized the standard as follows:

> [T]o survive a Rule 12(b)(6) motion to dismiss,
> "[f]actual allegations must be enough to raise a right to
> relief above the speculative level . . . on the assumption
> that all the allegations in the complaint are true (even if

doubtful in fact)." *Bell Atl. Corp. v. Twombly*, ___ U.S.
___, ___, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007)
(internal citations and quotations omitted). "While a
complaint attacked by a Rule 12(b)(6) motion to dismiss
does not need detailed factual allegations . . . a plaintiff's
obligation to provide the 'grounds' of his 'entitlement to
relief requires more than labels and conclusions, and a
formulaic recitation of the elements of a cause of action
will not do." *Id*. at 1964 (internal citations and quotations
omitted). Dismissal is appropriate under Rule 12(b)(6) if
the facts alleged do not state a claim that is "plausible on
its face." *Id*. at 1973.

*Wiles v. Department of Education*, 555 F.Supp.2d 1143, 1150-51 (D. Haw. 2008);

*see also Walter v. Drayson*, 496 F.Supp.2d 1162 (D. Haw. 2007).

## II.   ARGUMENT

The Association's counterclaim is not speculative.  The Association

alleges that the Plaintiffs have withheld payments in violation of Sections 514A-

90(c) and 514B-146(c) of the Hawai'i Revised Statutes.  This fact is corroborated

by the Plaintiffs, who admit in their Motion for Summary Judgment that they sent

instructions to the Association not to use their payment toward the check-in fee.

Pls.' Mot. for Summ. J. at 3-4.  Therefore, the Association has pled sufficient facts

so that its counterclaim can survive judgment on the pleadings.  In addition, as

outlined in more detail below, the Association's counterclaim was properly raised

and this Court has jurisdiction over the counterclaim.

### A.   The Association's counterclaim was properly brought before this Court.

1.   **The answer was properly amended pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure**

The Plaintiffs argue that the Association's counterclaim should be dismissed because it is a compulsory counterclaim that was not included in the Association's initial answer.  However, Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure permits a party to amend a pleading once, without leave from this Court, within 20 days after serving the pleading, thereby recognizing that: 1) a party may overlook claims or defenses in an initial pleading; and 2) the prejudice to the other party from such a short delay is minimal.  In fact, as the Plaintiffs themselves stated in their motion, the Association filed its initial answer on April 14, 2009 and filed its First Amended Answer on April 23, 2009, only nine days later.  Pls.' Mot. for J. on the Pleadings at 6.  Clearly, the answer was amended within 20 days of service of the initial answer, in compliance with Rule 15(a)(1)(B).  Plaintiffs also point to no prejudice whatsoever from such a short delay.  The Association concedes that Rule 13(f) ("Omitted Counterclaim") and Rule 15(a)(2) ("Other Amendments") require permission from this Court to amend the pleading, but only if it is too late to amend the pleading under Rule 15(a)(1)(B). As the District Court for the Southern District of New York stated:

> *Rule 13(f)* requires leave of the Court to add omitted counterclaims only where 15(a) does not allow an amendment as a matter of right.  There is no apparent reason that a pleading filed within the time periods

> prescribed in 15(a) should require leave of the court merely because it contains a counterclaim. We believe that the requirements of 13(f) are applicable only when the counterclaim is interposed outside of the 15(a) time periods, *i.e.*, after a responsive pleading is filed or more than 20 days after a pleading to which no responsive pleading is permitted.

*Deutsch v. Health Insurance Plan of Greater New York*, 573 F.Supp. 1443, 1445 (S.D.N.Y. 1983) (emphasis original). Therefore, the Association timely amended its answer to include this counterclaim, and the permission from this Court was not required provided that the Association amended its answer only once. The Association's counterclaim relates back to the initial answer, as provided by Rule 15(c)(1)(B) of the Federal Rules of Civil Procedure.

> **2.** **Other federal courts stated that a counterclaim such as the Association's was a permissive counterclaim**

While the facts in decisions from other courts are not identical to those of the present case, other cases involving the Fair Debt Collection Practices Act (the "FDCPA") have held that a counterclaim such as the Association's is *not* a compulsory counterclaim. For example, in *Campos v. Western Dental Services, Inc.*, Campos claimed that Western's collection notice and collection letter violated the FDCPA. 404 F.Supp.2d 1164, 1166 (N.D. Cal. 2005). Western counterclaimed that Campos had committed a breach of contract. The California court held that the counterclaim required proof of the existence and performance of

a contract, which is not the same basic controversy as Western's debt collection practices. *Id.* at 1169 (*quoting Sparrow v. Mazda American Credit*, 385 F.Supp.2d 1063, 1069 (E.D. Cal. 2005)). The court stated:

> Whether a plaintiff in an unfair debt collection practices action actually has outstanding debt is irrelevant to the merits of the FDCPA claim, and thus defendant Western's evidence of a valid contract is not relevant to plaintiff's claim. *See Baker v. G.C. Services Corp.*, 677 F.2d 775, 777 (9th Cir. 1982). Therefore, since the court does not find defendant Western's counterclaim is compulsory, it is permissive.

*Campos*, 404 F.Supp.2d at 1169. Similarly, the Arizona court stated that "every published decision directly addressing the issue in this case has found that FDCPA lawsuits and lawsuits arising from the underlying contractual debt are not compulsory counterclaims (citations omitted)." *Hart v. Clayton-Parker and Associates, Inc.*, 869 F.Supp. 774, 777 (D. Ariz. 1994); *see also Taylor v. Bryant, Inc.*, 275 F.Supp.2d 1305, 1307 (D. Nev. 2003). Under that analysis, the Association's counterclaim is a permissive counterclaim and did not need to be asserted in the Association's initial answer.

**3.    Assuming that the counterclaim is compulsory and that the answer was not properly amended, the Association should be permitted to assert its counterclaim now because its insurance counsel had no authority to file a counterclaim**

As outlined in more detail below in the discussion of this Court's jurisdiction, however, this case may be distinguished from the above decisions

because *the Plaintiffs also claim that they do not owe the fee charged by the Association*. Compl. at 11. Moreover, they also allege that the Association's decision to apply their payments in accordance with a resolution the Association's board of directors adopted pursuant to State law is the basis for their FDCPA claim. Compl. at 5, para. 24. Both claims were removed from the State court to this Court. The Plaintiffs' claims that they do not owe the check-in fee and that the Association has violated the FDCPA arise out of the same transaction or occurrence as the Association's counterclaim that the check-in fee is due, namely, the Plaintiffs' refusal to pay the check-in fee. Therefore, if this Court has supplemental jurisdiction over the Plaintiffs' claims, there is an argument that the Association's counterclaim is a compulsory counterclaim pursuant to Rule 13(a)(1) of the Federal Rules of Civil Procedure. Even if the Association's counterclaim were compulsory, however, the counterclaim was properly raised in its amended answer, pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure (see above).

Assuming both that the Association's counterclaim is compulsory and that it was not raised on time, the Association should still be permitted to assert it because its initial answer was filed by its insurance carrier's counsel. The Association's insurance policy does not cover counterclaims, which is why there was no counterclaim in the Association's initial answer. *See* Declaration of Lissa

H. Andrews.   A New York federal court recognized that it would be unfair to penalize parties just because they have insurance:

> If Rule 13(a) were viewed within a 'res judicata' framework, then either the insurance company would have to bring the counterclaim – under a theory which would view the counterclaim as a necessary part of a complete defense – or the assured would be penalized because he has insurance coverage.  As the insurance contract never contemplated the obligation to bring affirmative claims on behalf of its assured and the prosecution of counterclaims would no doubt entail extra expenditures on the part of the insurance carrier, to imply an obligation on its part to bring counterclaims would be manifestly unfair.  By the same token, barring legitimate counterclaims of an assured simply because they are compulsory and the insurance company refuses to bring them would also be unjust.

*Reynolds v. Hartford Accident & Indemnity Company*, 278 F.Supp. 331, 333 (S.D.N.Y. 1967).

The court concluded that the Reynolds could either move to amend the complaint to include their claims, or file a new lawsuit and then move to consolidate it with the pending action.  *Id.* at 334.  Either way, the Reynolds were permitted to file a late compulsory counterclaim because they were initially represented by their insurance carrier's counsel.  Therefore, even if this Court finds that the Association's counterclaim is compulsory and that its answer was not properly amended to include the counterclaim, the Association should be given a chance to assert this counterclaim because the initial answer was filed by its

10

insurance counsel.  It would be unfair to penalize the Association just because its insurance policy does not cover counterclaims.

**B.    This Court has supplemental jurisdiction over the Association's counterclaim.**

This Court has supplemental jurisdiction over all claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a).  This case was removed to the federal court because the Plaintiffs claim that the Association is collecting a fee in violation of the federal Fair Debt Collection Practices Act (the "FDCPA").

Obviously, if the Association's counterclaim is compulsory, this Court has supplemental jurisdiction over the counterclaim because a claim that meets the "same transaction or occurrence" test under Rule 13(a)(1)(A) also meets the "same case or controversy" test under 28 U.S.C. §1367(a).  *Campos v. Western Dental Services, Inc.*, 404 F.Supp.2d 1164, 1167 (N.D. Cal. 2005).  This does not mean, however, that this Court does not have jurisdiction over permissive counterclaims. *See id*. at 1168.

The *Campos* case has some similarities with the present case because Campos filed suit under the FDCPA and Western counterclaimed for breach of contract.  404 F.Supp.2d at 1166.  The California court examined the requirements for a compulsory counterclaim and concluded that Western's counterclaim was only permissive.  *Id*. at 1169.  However, this was not the end of the court's inquiry

11

into its jurisdiction.  The court found that the counterclaim was factually related to the underlying federal claim and therefore, the court could have supplemental jurisdiction under 28 U.S.C. § 1367(a).  At the end of its analysis, however, the court declined, in its discretion, to exercise its supplemental jurisdiction for policy reasons.  The court stated, "To allow a debt collector defendant to seek to collect the debt in the federal action to enforce the FDCPA might well have a chilling effect on persons who otherwise might and should bring suits such as this."  *Id.* at 1170 (*quoting Sparrow v. Mazda American Credit*, 385 F.Supp.2d 1063, 1071 (E.D. Cal. 2005)).  ***This policy consideration does not apply to the present case because the Plaintiffs were the first to assert that the amounts claimed are not due.***  *See* Compl. at 11.  Obviously, the Plaintiffs were willing to litigate the validity of their debt.

Moreover, as they, themselves, note, this issue arose because the Association's board of directors adopted an "application of payment resolution." See Compl. at 5, para. 24.  The Association's board of directors took that action pursuant to the specific statutory authority provided in Section 514B-105(c), Hawai'i Revised Statutes, and the complaint alleges that action was illegal under the FDCPA.  Therefore, the Association's claims are directly connected and integral to Plaintiff's FDCPA claims.

As a result, this Court should have jurisdiction over the Association's counterclaim because it is related to the Plaintiffs' FDCPA claim and to Plaintiffs' refusal to pay the check-in fee.  Even the cases cited by the Plaintiffs state that only a *factual connection* is required for this Court to exercise supplemental jurisdiction.   *Keegan v. Bloomingdale's, Inc.* involved a claim under the Consolidated Omnibus Budget Reconciliation Act (COBRA).   The court concluded that it had no supplemental jurisdiction over the counterclaim of breach of contract and conversion and stated:

> The Court is mindful that *"a loose factual connection between the claims" is enough to satisfy §1367(a)* (citation omitted); but here, there is really no factual connection underlying the claims.

*Keegan v. Bloomingdale's, Inc.*, 945 F.Supp. 165, 167 (N.D. Ill. 1996) (emphasis added).

Similarly, *Cormier v. Funtown/Splashtown USA, Inc.* involved a sexual harassment lawsuit.  The court denied jurisdiction over the state law claims because they relied on different facts and would involve different witnesses:

> [S]tate-law claims of breach of fiduciary duty, intentional misrepresentation, breach of contract and withholding of wages . . . rely significantly on *facts not involved in determination of the discrimination claim*.  From all that appears, *the witnesses may essentially be different* on the state and federal claims as well.

*Cormier v. Funtown/Splashtown USA, Inc.*, 294 S.Supp.2d 125, 130 (2003).

In contrast, all the claims in the present case are related to the Plaintiffs' refusal to pay the check-in fee and will involve the same witnesses. In particular, the Plaintiffs are seeking a declaratory judgment that the check-in fee is invalid, while the Association is seeking a judgment for the amount of the fee. Compl. at 11, Countercl. at 4. These two claims are closely related not only on the facts, but also on the remedy sought, so that it would hurt the parties to have conflicting decisions in federal and State court. Having both claims in the same forum is in the interest of both the parties and judicial economy.

The federal courts also routinely hear State law claims along with a claim that a debt collection practice violates federal law. For example, in *Cisneros v. Trans Union, LLC*, this Court considered a federal claim of violation of the Fair Credit Reporting Act along with state law claims of negligence and defamation. 293 F.Supp.2d 1167 (D. Hawai'i 2003). The court had supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. *Id*. at 1170. In the present case, this Court should have supplemental jurisdiction over both the Plaintiffs' claim that the check-in fee is invalid and the Association's counterclaim that the check-in fee is due because these claims and the Plaintiffs' federal claim are all related to the Plaintiffs' refusal to pay the fee. Similarly, the Association's "application of payment resolution" is directly alleged to be the policy that violates the FDCPA, thereby forming the basis for Plaintiffs' FDCPA claim. On that basis,

there are no policy reasons for this Court to refuse to hear the state law claims

because the Plaintiffs were first to argue that the fee was invalid.  On the contrary,

it is in the interest of the parties and this Court to resolve the entire dispute in the

same forum.

## I.    CONCLUSION

This case is not appropriate for judgment on the pleadings.  First, if

the Association's counterclaim is compulsory, it is clearly within this Court's

jurisdiction and it was properly asserted in the Association's amended answer

pursuant to Rule 15(a)(1)(B) and 15(c)(1)(B).    Second, if the Association's

counterclaim is permissive, it is so factually related to the Plaintiffs' claims that

this Court should have supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

This Court may deny jurisdiction in its discretion in "exceptional circumstances,"

such as when accepting jurisdiction may prevent debtors from asserting claims

under the FDCPA.  28 U.S.C. § 1367(c)(4); *Campos v. Western Dental Services,*

*Inc.*, 404 F.Supp.2d 1164, 1170 (N.D. Cal. 2005).  This policy consideration does

not apply to the present case because: (i) the Plaintiffs were the first to dispute the

validity of their debt; and (ii) their FDCPA claim is based directly on a resolution

adopted pursuant to Hawai'i law by the Association's board of directors.  For the

above reasons, judgment on the pleadings is not appropriate because the

Association has asserted a counterclaim that is plausible on its face.  *See Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, \_\_\_, 127 S.Ct. 1955, 1973 (2007).  Therefore, the

Plaintiffs' Motion for Judgment on the Pleadings should be denied.

Dated:  Honolulu, Hawai'i, June 19, 2009.

By: _____

JOHN A. MORRIS
RUSSELL H. ANDO
Attorneys for Counterclaim Plaintiff
MAALAEA SURF ASSOCIATION
OF APARTMENT OWNERS

LISSA H. ANDREWS
DANA R.C. LYONS

Attorneys for Defendants
MAALAEA SURF ASSOCIATION
OF APARTMENT OWNERS, and
ASSET PROPERTY MANAGEMENT
INC.